

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dewey S. Walker
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. 0-4681
Re: Under the facts submitted
would it be legal to trans-
port beer by private carrier
from Trinity County or some
other wet area to the military
post through Walker County?

Your letter of September 23, 1942 submits for our
opinion the following stated question. We quote from your letter
as follows:

"There has been established in Walker County
a U. S. military post known as Enemy Alien Intern-
ment Camp of Huntsville, Texas, where a post exchange
has been established which proposes to sell beer.

"Walker County is a dry area, and the post is
some three miles from the county boundary line ad-
jacent to Trinity County, which is wet.

"The question is whether or not it would be
lawful to transport beer by private carrier from
Trinity County or some other wet area to the mili-
tary post through Walker County."

We are enclosing Opinion No. 0-4438 addressed to
Governor Coke Stevenson in which we held that the post exchange
at Camp Bowie, Brown County, a dry area, had the authority to
sell 3.2 beer, under the facts and authorities therein stated.

We presume that the post exchange established at the
U. S. military post, known as Enemy Alien Internment Camp of
Huntsville, Texas, was established under proper military author-
ity and from the discussion and authorities in the attached
opinion would have the right to sell 3.2 beer.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Dewey S. Walker - Page 2.

Article 667, Vernon's Annotated Penal Code, Section 25 dealing with the subject of transportation of beer, provides as follows:

"(a) It is hereby declared to be lawful to transport beer, as herein defined, and upon which the tax has been paid and evidenced by stamps as required by law, from any place in this State where the sale, manufacture, and distribution of said beer is authorized by law to any other place within this State where the same may be lawfully manufactured, sold, or distributed; and from the State boundary to any such place, even though in the course of such transportation the route over which the same is being transported may traverse local option territory in which the manufacture, sale, and distribution of said beer is prohibited. Provided, however, that any such shipments must be accompanied by a written statement furnished and signed by the shipper, showing the name and address of the consignor and the consignee, the origin and destination of such shipment, and such other information as may be required by the Board or Administrator; and it shall be the duty of the person in charge of such cargo while it is being so transported to exhibit such written statement to any representative of the Board or any peace officer making demand therefor, and said statement shall be accepted by such officer as prima facie evidence of the lawful right to transport such beer. The transportation of beer not accompanied by statement herein required, or failure to exhibit the same upon lawful demand, shall be a violation of this Act, and any beer being transported in violation hereof shall be subject to seizure without warrant.

"(b) Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area."

For the purpose of this opinion, we shall assume that the United States Government has acquired jurisdiction of the area on which said United States Military Post has been established and the post exchange established thereon has been legally established under the Acts of the Congress and the rules and regulations promulgated by the proper officials of the Government pursuant thereto.

Honorable Dewey S. Walker - Page 3.

Based upon this assumption, we answer your question as follows:

Since it is lawful for post exchanges, situated within the confines of a United States Military Post over which the United States Government has acquired jurisdiction, to sell 3.2 beer, or beer of less alcoholic content, we think such beer may be legally transported from any place within this State where the same may be legally manufactured, sold, or distributed to the post exchange mentioned in your letter, even though the route over which same is transported may traverse dry territory, provided the provisions of Article 667, supra, are strictly complied with. See our Opinion No. O-4438.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          W. P. Watts

W. P. Watts
Assistant

WPW:JP

ENCLOSURE

APPROVED OCT 20, 1942

ATTORNEY GENERAL OF TEXAS